
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILLY RAY PHIFFER, an individual, | No. 12-35550 |
| Plaintiff - Appellant, | D.C. No. 2:10-CV-01120-SU |
| v. | |
| STATE OF OREGON, as being represented by Baker County Circuit Court and the Office of District Attorney for Baker County, a public entity; BAKER COUNTY DISTRICT ATTORNEY'S OFFICE; BAKER COUNTY CIRCUIT COURT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 6, 2014[**]

Before: THOMAS, Chief Judge, and D.W. NELSON and LEAVY, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Billy Ray Phiffer appeals the district court's judgment in favor of the State of Oregon. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in dismissing Phiffer's claim under 42 U.S.C. § 1983. "The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)). The Supreme Court has held that Congress did not abrogate the States' Eleventh Amendment immunity in enacting § 1983. *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Moreover, the State of Oregon has not expressly waived its immunity.

The district court did not err in dismissing Phiffer's claims under the American with Disabilities Act and the Rehabilitation Act. The district court properly found the underlying actors allegedly involved in scheduling the hearing forming the basis of Phiffer's claims—the state court judge, court clerk, and district attorney—were protected by judicial, quasi-judicial, and prosecutorial immunities respectively. *See In re Castillo*, 297 F.3d 940, 951 (9th Cir. 2002) (holding that "the scheduling of hearings" by a non-judicial officer was an action entitled to absolute quasi-judicial immunity); *Duvall v. Cnty. of Kitsap*, 260 F.3d

2

1124, 1133 (9th Cir. 2001) ("Ruling on a motion is a normal judicial function . . . ."). As the State of Oregon can only be liable here for the actions of the Baker County Circuit Court and the Baker County District Attorney based on the doctrine of respondeat superior, these immunities also protect the State as all of the underlying actors are immune from liability. *See* Restatement (Third) of Torts: Apportionment Liab. § 13 cmt. b (2000) ("The vicariously liable party is liable only for the share of plaintiff's damages for which the tortious actor is held liable.")

**AFFIRMED.**